STATE OF CONNECTICUT *v.* WILBUR G. SMITH

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 14-64028

Argued January 4—decided February 5, 1971

*Joel M. Ellis,* of Hartford, for the appellant (defendant).

*Cornelius J. Shea,* prosecuting attorney, for the appellee (state).

PER CURIAM. In accordance with the stipulation filed by the parties, this case was restored to the docket of this court[1] for reasons appearing in the stipulation.

---

[1] ORDER ON MOTION TO RESTORE CASE TO THE DOCKET AND PERMIT FILING OF ASSIGNMENT OF ERROR.

PER CURIAM (June 22, 1970). Following a jury trial in the fourteenth circuit, the defendant was convicted of the crime of breach of the peace and sentenced to thirty days in jail, execution to be suspended after ten days. He filed a timely appeal to the Appellate Division of the Circuit Court and was released on his own recog-

The prosecuting attorney and counsel for the defendant having requested and stipulated that this

nizance. Thereafter, this court granted the state's motion to dismiss the appeal for the reason that the defendant had failed to file his assignment of errors or move to correct the finding within two weeks, as required by § 987 of the Practice Book. *State* v. *Smith,* 6 Conn. Cir. Ct. 36. Thereafter, he filed a motion to reargue the matter, and that motion was denied on January 26, 1970. He obtained a stay of execution which was renewed and which was finally to terminate on May 25, 1970. In an attempt to obtain a renewed right to appeal, he filed a motion to vacate the sentence and resentence. This motion was denied by the trial court on May 21, 1970. An appeal from this ruling was taken on June 3, 1970.

On May 22, 1970, the defendant filed a petition, accompanied by an ex parte application for a stay of execution, in the United States District Court for the district of Connecticut. The stay was granted pending further proceedings and a hearing scheduled. That hearing has now been completed, and a memorandum of decision on petition for a writ of habeas corpus has been made and was filed on June 5, 1970. *United States ex rel. Smith* v. *DiBella,* 314 F. Sup. 446.

In the memorandum of decision, the District Court concluded that "dismissal of his appeal has denied the petitioner due process of law. Petitioner is entitled to federal habeas corpus relief. To effectuate his right to appeal, a writ shall issue that petitioner shall be discharged from custody unless within twenty (20) days the state affords the petitioner a reasonable opportunity to file the papers necessary to complete the record for the appeal already filed." Id., 451. In a footnote, the court added: "It appears that the primary thrust of the motion to correct the finding already made is to have it reflect that the defendant Smith took exceptions to the charge. The filing of assignments of error need not be delayed until the motion to correct is acted upon, but may include as one ground the failure to grant the motion to correct. If the motion is granted, that particular assignment of error will be aborted on appeal." Id., 451 n.5.

In accordance with the mandate of the United States District Court, it is hereby ordered that the case of *State* v. *Wilbur G. Smith* be restored to the docket of this court, and it is further ordered that the defendant be given until July 10, 1970, to file his assignments of error in this court, provided, however, that if the state of Connecticut appeals this matter to the United States Court of Appeals, then in such event this order will be without effect.

DEARINGTON and KINMONTH, Js., participated in this order. (The motion to dismiss the appeal was argued December 1, 1969, before an appellate panel consisting of *Kosicki, Dearington* and *Kinmonth, Js.,* and decided on January 2, 1970. *State* v. *Smith,* 6 Conn. Cir. Ct. 36. On May 16, 1970, *Kosicki, J.,* retired, having reached the mandatory age of retirement.)

court find reversible error because of the charge by the trial court on the breach of the peace statute (General Statutes § 53-174), and in view of the decision of this court in *State* v. *Anonymous (1971-15)*, 6 Conn. Cir. Ct. 549, it is ordered that, in the appeal from the Circuit Court in the fourteenth circuit, the judgment be, and hereby is, set aside and a new trial is ordered. See *State* v. *Vena,* 155 Conn. 727.

Casale, Kinmonth and Jacobs, Js., participated in this decision.